

U.S. Department of Justice

*United States Attorney*
*Eastern District of New York*

*271 Cadman Plaza East*

*Brooklyn, New York  11201*

April 10, 2009

Hon. John Gleeson
United States District Judge
United States Courthouse
225 Cadman Plaza East
Brooklyn, NY  11201

      Re:  United Sates v. Ayal Rosenthal
           Cr. No. 07-CR-69

Dear Judge Gleeson:

    Please accept this letter in lieu of a more formal memorandum in response to the defendant's motion for modification of the terms of, or early termination of, his supervised release. The Government does not object to a modification of the terms of the defendant's supervised release to permit him to move to Israel.  However, the Government does oppose early termination of the defendant's supervised release.

    Section 3583(e)(1)) authorizes a court to terminate a term of supervised release term early if it is satisfied "that such action is warranted by the conduct of the defendant and the interest of justice."  Early termination, however, is not justified solely because the defendant has complied with the terms of his supervised release.  Rather, it may be justified "[o]ccasionally," when the defendant can show

> changed circumstances - for instance,
> exceptionally good behavior by the defendant
> or a downward turn in the defendant's ability
> to pay a fine or restitution imposed as
> conditions - [that] will render a previously
> imposed term or condition of release either
> too harsh or inappropriately tailored to
> serve the general punishment goals of Section
> 3553(a).

United States v. Lussier, 104 F.3d 32, 36 (2d Cir. 1997).

    The defendant has not alleged any change in his circumstances that would justify an early termination of his

supervised release term.  Instead, he has represented only that he has complied with the all the conditions of his sentence and that he believes he can obtain employment in Israel.  The defendant's compliance with the terms of his sentence does not justify early termination of supervised release, as he has done nothing more than what the Court required of him.  <u>United States v. Medina</u>, 17 F.Supp.2d 245, 247 (S.D.N.Y. 1998)(an "apparently unblemished" record "alone cannot be a sufficient reason to terminate the supervised release since, if it were, the exception would swallow the rule").

At the time the defendant entered his guilty plea, the Assistant U.S. Attorney said the Government would not object to the defendant's service of his supervised release outside the United States.  Tr. (attached to defendant's motion) at 68-71.  The defendant represented in his motion that the Chief Probation Officer has said that Probation could supervise the defendant if he moved to Israel.  Given these facts and the possibility of employment for the defendant in Israel, the Government does not object to a modification of the defendant's supervised release terms to permit him to move to Israel.

Respectfully submitted,

BENTON J. CAMPBELL
United States Attorney

/s/

By:  JAMES MCMAHON
Assistant U.S. Attorney

cc:  Nina M. Beattie, Esq. (via email)